1
2
3
4                       UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7    CORREY MITCHELL,                        Case No.  23-cv-03588-JSW

8                       Plaintiff,

9            v.                              **ORDER GRANTING MOTION FOR
                                             SUMMARY JUDGMENT**
10   ROXANNE RAMOS,
                                             Re: Dkt. No. 20
11                      Defendant.

12                          **INTRODUCTION**

13           Plaintiff, a California prisoner proceeding pro se, filed this civil rights complaint under 42

14   U.S.C. ' 1983 against a dentist at Salinas Valley State Prison ("SVSP") where he was treated for

15   tooth pain.  Defendant filed a motion for summary judgment (ECF No. 20), Plaintiff filed an

16   opposition (ECF No. 28), and Defendants filed a reply brief (ECF No. 29).  For the reasons

17   discussed below, the motion for summary judgment is GRANTED.

18                          **BACKGROUND**

19           Defendant Dr. Ramos received a request for dental care from on July 19, 2022, from

20   Plaintiff complaining of pain of 7 out of 10 in the right side of his face.  She saw him the next day,

21   conducted tests, and provided treatment for the caries on tooth #19.  That evening Plaintiff was

22   experiencing pain on a scale of 8 out 10, and the dentist on duty prescribed pain medication.  The

23   next day, Dr. Ramos examined Plaintiff again, conducted further tests, and removed tooth #15.

24   Plaintiff continued to suffer severe pain over the next few days, during which time he received

25   emergency medical care from other doctors and nurses (who are not defendants), including an

26   EKG, antibiotics, and more pain medication.  While in the clinic on July 23, 2022, he experienced

27   dizziness that led to a fall while seeking treatment for his pain.  Dr. Ramos examined him again on

28   July 25, 2022, and after conducting further tests, removed tooth #19.  Plaintiff's pain related to his

teeth stopped.

Plaintiff claims Dr. Ramos was deliberately indifferent to his dental needs because she failed to provide him pain medication or antibiotics, extracted tooth #15 unnecessarily instead of tooth #19, and caused Plaintiff unnecessary pain while extracting tooth #19. The Court found these allegations, when liberally construed, stated cognizable claims for the violation of his Eighth Amendment rights and for medical malpractice (negligence) under California law.

Defendants submit the declaration of Dr. Ramos, who explained the reasons for her diagnoses and treatment and opined it was medically necessary under the circumstances, as well as that of another licensed dentist, Dr. Archibald, who reviewed the records of Plaintiff's care, and concluded as follows:

> Plaintiff's claims of deliberate indifference, negligent dental care, wrongful removal of tooth #15, and delayed/failed diagnosis of tooth #19 are unfounded. Plaintiff's toothache was successfully treated within 6 days, including a weekend, from the day his request was received. He was seen multiple times, appropriate tests and imaging were obtained at each visit, and diagnoses were accurate given the varied symptoms presented. Tooth #15 was not wrongfully removed since it was symptomatic, non-functional, periodontally involved, supererupted, and had root caries (cavity on the root). At no time during this treatment were antibiotics appropriate per ADA guidelines. The final diagnosis for tooth #19 was not evident at the beginning of treatment as the progression of pulpal death was occurring. Defendant was attempting to save tooth #19, which presented without radiographic evidence and test results leading to the need for extraction. Plaintiff was consistently provided with sufficient pain relief and medication. Should Plaintiff have required additional pain relief, he was able to obtain free over-the-counter NSAIDs from the Canteen. Consequently, in Dr. Archibald's opinion, from the moment Defendant saw Plaintiff on July 20, 2022, through the extraction of tooth #19 on July 25, 2022, Defendant provided care in line with the standard of care expected of a dentist in the same or similar circumstances.

(ECF No. 20-4 at ¶ 24.)

## DISCUSSION

I.     Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits show there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of

United States District Court
Northern District of California

1  the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,248 (1986). A dispute as to a material

2  fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the

3  nonmoving party. *Id.*

4  The party moving for summary judgment bears the initial burden of identifying those

5  portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine

6  issue of material fact. *Celotex Corp.v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving

7  party has met this burden of production, the nonmoving party must go beyond the pleadings and,

8  by its own affidavits or discovery, set forth specific facts showing there is a genuine issue for trial.

9  *Id.* If the nonmoving party fails to produce enough evidence to show a genuine issue of material

10  fact, the moving party wins. *Id.*

11  At summary judgment, the judge must view the evidence in the light most favorable to the

12  nonmoving party. *Tolan v. Cotton*, 570 U.S. 650, 656-57 (2014). If more than one reasonable

13  inference can be drawn from undisputed facts, the trial court must credit the inference in favor of

14  the nonmoving party. *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

15  II.    Analysis

16        1.    Legal Standard

17  Deliberate indifference to a prisoner's serious medical needs violates the Eighth

18  Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S.

19  97, 104 (1976). Serious medical needs may include dental care. *Hunt v. Dental Dep't* , 865 F.2d

20  198, 200 (9th Cir. 1989). To prevail on such a claim, a prisoner-plaintiff must show a "serious

21  medical need," and that the defendants' "response to the need was deliberately indifferent." *Jett v.

22  Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

23  A prison official is deliberately indifferent if the "official knows that inmates face a

24  substantial risk of serious harm and disregards that risk by failing to take reasonable measures to

25  abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). An official is liable if the official

26  "knows of and disregards an excessive risk to inmate health or safety; the official must both be

27  aware of facts from which the inference could be drawn that a substantial risk of serious harm

28  exists, and he must also draw the inference." *Id.* at 837. So, for deliberate indifference to be

3

1    established, there must be a purposeful act or failure to act on the part of the defendant and

2    resulting harm.  *Simmons v. G. Arnett*, 47 F.4th 927, 933 (9th Cir. 2022).  "Under this standard, an

3    inadvertent failure to provide adequate medical care, differences of opinion in medical treatment,

4    and harmless delays in treatment are not enough to sustain an Eighth Amendment claim."  *Id.*

5    Neither is a claim of medical malpractice or negligence.  *See Toguchi v. Chung,* 391 F.3d 1051,

6    1060 (9th Cir. 2004).

7        "A difference of opinion between a prisoner-patient and prison medical authorities

8    regarding treatment does not give rise to a § 1983 claim."  *Franklin v. Oregon*, 662 F.2d 1337,

9    1344 (9th Cir. 1981).  Similarly, a "mere difference of medical opinion" among medical

10    professionals as to the need to pursue one course of treatment over another does not raise a

11    "material question of fact" regarding the issue of deliberate indifference.  *Toguchi*, 391 F.3d at

12    1058; *Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir. 1989).  "[T]o prevail on a claim involving

13    choices between alternative courses of treatment, a prisoner must show that the chosen course of

14    treatment was medically unacceptable under the circumstances, and was chosen in conscious

15    disregard of an excessive risk to [the prisoner's] health."  *Toguchi*, 391 F.3d at 1058 (citation and

16    internal quotations omitted).

17        The elements of a claim for professional negligence are: (1) the duty of the professional to

18    use such skill, prudence, and diligence as other members of his profession commonly possess and

19    exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent

20    conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's

21    negligence."  *Paul v. Patton*, Cal.Rptr.3d 830, 835 (Cal. Sup. Ct. 2015).

22        2.    <u>Analysis</u>

23        No rational fact-finder could conclude from the evidence that Dr. Romero's care for

24    Plaintiff's medical needs amounted to deliberate indifference or negligence.  It is undisputed

25    Plaintiff was seen and treated promptly on multiple occasions, and his tooth pain was eradicated

26    within six days.  Plaintiff's medical records are clear that he received multiple tests and x-rays at

27    each examination, various forms of treatment for his pain, and extensive dental procedures.  There

28    is no evidence from a qualified expert in dentistry or medicine that the diagnoses or treatment

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1   Plaintiff received were inaccurate, medically inappropriate for his condition or symptoms, or

2   otherwise incompatible with the standard of care required of a reasonable dentist.  Under *Toguchi*

3   and *Sanchez*, Plaintiff's lay opinion disagreeing with the treatment he received does not create a

4   triable issue as to whether Defendant was deliberately indifferent to his medical needs.  And the

5   only reasonable inference that can be drawn from Dr. Archibald's expert opinion is that Dr.

6   Ramos's removal of Plaintiff's two teeth, her treatment of Plaintiff's pain, her decision not to

7   prescribe antibiotics, and the pain Plaintiff experienced was not negligent (or deliberately

8   indifferent) under the circumstances, but was driven by the condition of Plaintiff's teeth and

9   surrounding tissue.  Consequently, there is not triable issue as to whether Dr. Ramos violated

10   Plaintiff's Eighth Amendment rights or committed malpractice under state law.

11       Plaintiff's arguments to the contrary are unavailing.  Plaintiff's contention that Dr. Ramos

12   provided inadequate care because she relied upon obsolete x-rays from 2015 is not reasonably

13   supported by the evidence.  The evidence –- medical records and Dr. Ramos's declaration –- is

14   uncontradicted that Dr. Ramos ordered a full set of x-rays on July 22, 2022.  To whatever extent

15   she may have relied upon earlier x-rays in her treatment decisions prior to that date, there is no

16   evidence suggesting, let alone supporting a reasonable conclusion, that such treatment was

17   medically improper or that a new set of x-rays taken earlier would have required different medical

18   care than what he received.  Indeed, as discussed above, the only reasonable conclusion that can

19   be drawn from the evidence is that Dr. Ramos provided proper medical care to Plaintiff before and

20   after the x-rays on July 22, 2022.

21       Plaintiff's contention he had an infection and needed antibiotics is not supported by the

22   medical evidence.  The only evidence to this effect is that that on July 23, 2022, Plaintiff received

23   a diagnosis in the emergency room that he *possibly* had an infection or abscess and was prescribed

24   antibiotics as a *prophylactic* measure against such a possibility.  There is no evidence anyone with

25   medical or dental expertise, including Dr. Ramos and Dr. Archibald, found a sign of an actual

26   infection warranting antibiotics.  The evidence that after extracting tooth #19, Dr. Ramos also

27   found signs of a *possible* abscess and granuloma in the tooth does not, as Dr. Archibald points out,

28   constitute a diagnosis of he had an abscess or infection or had a medical need for antibiotics or any

United States District Court
Northern District of California

1  different care than Dr. Ramos provided.

2         Plaintiff asserts he could not take ibuprofen (which was prescribed to him) due to kidney

3  disease, but Plaintiff indicates he told Dr. Ramos he did not have such a disease, and there is no

4  evidence any medical professional opined ibuprofen was contraindicated for him.  Plaintiff's

5  assertion that he never told Dr. Ramos the pain was coming from his upper mouth is irrelevant

6  because such a statement was not a basis for her decision to remove tooth #19 or any other

7  treatment she provided.  Plaintiff's contention Dr. Ramos failed to use sufficient anesthesia during

8  the second extraction is simply a lay opinion that is contradicted by the expert evidence she used a

9  medically appropriate amount of anesthesia.  The pain Plaintiff experienced therefore cannot

10  reasonably be attributed to deliberate indifference or negligence by Dr. Ramos.  Plaintiff's

11  assertion there were alternate treatment options is not supported by any evidence any such

12  alternatives were medically appropriate under the circumstances, nor does the availability of

13  alternative treatments does not, on its own, render the option Dr. Ramos chose deliberately

14  indifferent or negligent.

15                                    **CONCLUSION**

16         For the reasons discussed above, there is no triable issue of fact that, if resolved in

17  Plaintiff's favor, would support a reasonable conclusion Dr. Ramos was deliberately indifferent or

18  negligent in treating Plaintiff's dental condition.  Therefore, her motion for summary judgment is

19  GRANTED.

20         The clerk shall enter judgment and close the file.

21         **IT IS SO ORDERED.**

22  Dated: January 2, 2025

23

24  _____

25  JEFFREY S. WHITE
    United States District Judge

26

27

28

6